ADAM GORDON
United States Attorney
STEPHEN H. WONG
Assistant U.S. Attorney
California Bar No. 212485
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101
Tel: (619) 546-9464
Fax: (619) 546-7751
Email: Stephen.Wong@usdoj.gov

Attorneys for the United States of America

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Petitioner,<br>v.<br>KATHRYN SMITH,<br>Respondent. | Case No.: '26CV6451 DMS DEB<br>**MEMORANDUM IN SUPPORT OF UNITED STATES' PETITION TO ENFORCE FALSE CLAIMS ACT CIVIL INVESTIGATIVE DEMAND** |

The United States submits this Memorandum of Points and Authorities in support of its Petition to Enforce Civil Investigative Demand No. 0234-0326-04, issued to Respondent, Kathryn Smith, for her appearance at an oral examination and the production of documents.

## A. INTRODUCTION

The False Claims Act (FCA) specifically authorizes the Attorney General of the United States, or a designee, to issue Civil Investigative demands (CIDs) to obtain "documentary material" and "oral testimony" that are "relevant to a false claims lawt investigation." 31 U.S.C. § 3733(a)(1). Such material and testimony may be obtained

where, as here, the United States has not "commenc[ed] a civil proceeding" or "ma[de] an election" under the FCA. *Id.*

The United States Attorney, as designee of the Attorney General, issued a CID to the Respondent in connection with an FCA investigation. The United States is investigating whether false or otherwise unlawful claims were submitted or caused to be submitted to the Department of Health and Human Services (HHS)/National Institutes of Health (NIH) by the Sanford Burnham Prebys Medical Discovery Institute (SBP) and Jamey D. Marth. Ph.D. (Marth).

"Whenever any person fails to comply with any civil investigative demand issued under subsection (a) . . . the Attorney General may file, in the district court of the United States for any judicial district in which such person resides, is found, or transacts business, and serve upon such person a petition for an order of such court for the enforcement of the civil investigative demand." 31 U.S.C. § 3733(j)(1). Because Respondent has failed to comply with the CID, the United States respectfully petitions the Court to order Respondent's compliance.

## B. STATEMENT OF FACTS

### 1. The United States' Investigation

The United States is conducting a false claims law investigation within the meaning of 31 U.S.C. § 3733, to determine whether there has been a violation of the FCA. The United States is investigating whether false or otherwise unlawful claims were submitted or caused to be submitted to NIH by SBP and Marth. Declaration of Stephen H. Wong ("Wong Decl.") at ¶ 2. The investigation is focused on the alleged commitment of research fraud by submitting duplicate data to the NIH, incorporating erroneous research publication data, and misuse of NIH grant proceeds. *Id.*

Respondent Kathryn Smith is a San Diego, California, resident who formerly worked at SBP as a Research Assistant from January 2022, through March 2025, where she worked under Marth's supervision and was responsible for conducting scientific research funded by NIH grants. Wong Decl. at ¶ 3.

There is reason to believe that Respondent possesses knowledge and documents relevant to the United States' investigation into grant fraud by SBP and Marth. Wong Decl. at ¶ 3.

**2. <u>The United States Issued a CID</u>**

On October 16, 2026, the United States Attorney, for the Southern District of California, as designees of the Attorney General under 31 U.S.C. § 3733(a)(1) (*see* 28 C.F.R. Part 0, Subpt. Y App.), issued the following CID pursuant to the FCA in connection with the United States' FCA investigation:

- <u>Respondent Kathryn Smith</u>: CID No. 0234-0326-04 for production of documents and for oral testimony (Wong Dec. at ¶ 4, Exhibit 1).

The CID requires Respondent to produce documents and provide testimony at an oral examination pursuant to an investigation under the FCA, as to whether false or otherwise unlawful claims were submitted or caused to be submitted to the NIH through fraud. Wong Decl. at ¶ 5. The information, documents, and testimony sought by the CID is reasonably relevant to the United States' FCA investigation and is not indefinite nor unduly burdensome. *Id*, at ¶ 6.

The CID provided Respondent with notice of the nature of the United States' investigation, and that the purpose of the CID was to discover her knowledge of alleged research fraud at SBP, including by submitting duplicate data to the NIH, incorporating erroneous research publication data, and misuse of NIH grant proceeds. *Id*, at ¶ 5 and Exhibit 1.

**3. <u>Respondent's Refusal to Comply With The CID</u>**

On October 16, 2026, the United States served CID No. 0234-0326-04 on Respondent by email to an attorney, who had informed the United States that they would accept service of CID. Wong Decl. at ¶¶ 8, 9.

On October 9, 2026, the United States and Respondent agreed to meet on October 27, 2026, to discuss her knowledge of alleged research misconduct by Marth and SBP. *Id*.

at ¶ 7.

On October 10, 2026, Respondent's counsel informed the United States that they represented Respondent and that due to a settlement agreement between Respondent and SBP, they would require a subpoena before allowing her to discuss her knowledge of SBP. *Id*. at ¶ 8. The United States told counsel that the U.S. Attorney would issue a CID. *Id*. Counsel confirmed that they would accept service of the CID. *Id*.

Pursuant to counsel's request, the U.S. Attorney issued a CID on October 16, 2026. *Id*. at ¶ 4. and Exh. 1. The United States served the CID on counsel by email on October 16, 2026. *Id*. at ¶9. On October 19 and 21, 2026, the United States emailed counsel to confirm Respondent's oral examination on October 27, 2026. *Id*. Counsel confirmed that Respondent would appear and raised no objection to the enforceability of the CID. *Id.*

Respondent appeared at the U.S. Attorney's Office to testify as scheduled on October 27, 2026, accompanied by counsel. *Id*. at ¶10. But soon after entering the office, counsel took Respondent aside to confer. *Id*. Counsel then informed the United States that Respondent would not testify without a court order. *Id*.

## C. <u>ARGUMENT</u>

### 1. <u>The Legal Standard</u>

In the FCA amendments of 1986, Congress gave the Department of Justice "a particular type of investigative tool, the false claims civil investigative demand, to enable it to investigate whether there is a basis for remedying a false claim made against the United States." *United States v. Golden Valley Elec. Ass'n*, 689 F.3d 1108, 1116 (9th Cir. 2012); (A CID is an administrative subpoena with the same force and effect as a grand jury subpoena.); *United States v. Markwood*, 48 F.3d 969, 976 (6th Cir. 1995) (A CID is like an "administrative subpoena," and it may be enforced like other administrative subpoena.)*; See also United States v. Picetti*, 2019 WL 1895057, at *2 (E.D. Cal. Apr. 29, 2019), report and recommendation adopted, 2019 WL 13458271 (E.D. Cal. Sept. 26, 2019) ("Civil investigative demands are enforced as administrative subpoenas.") (citing *Markwood*, 48 F.3d at 975–76).

In the Ninth Circuit, the scope of judicial review in an administrative subpoena enforcement proceeding is "quite narrow." *Golden Valley Elec. Ass'n*, 689 F.3d at 1113 (internal quotation marks omitted). Enforcement of an administrative subpoena is proper if: (a) Congress has granted the authority to investigate; (b) the procedural requirements have been followed; and (c) the evidence is relevant and material to the investigation. *Id.*; *Picetti*, 2019 WL 1895057, at *2.

Pursuant to 31 U.S. Code § 3733(h)(7)(A) the only valid objections to an Oral Examination are those based on a constitutional legal right or privilege.

> An objection may be made, received, and entered upon the record when it is claimed that such person is entitled to refuse to answer the question on the grounds of any constitutional or other legal right or privilege, including the privilege against self-incrimination. **Such person may not otherwise object to or refuse to answer any question**, and may not directly or through counsel otherwise interrupt the oral examination.

*Id*. (emphasis added)

**2. <u>The CID Should Be Enforced</u>**

**a. <u>The Department of Justice Has Authority to Investigate</u>**

Congress authorizes the Attorney General and his designees' use of CIDs to require a recipient to produce documentary material and oral testimony as part of an FCA investigation. 31 U.S.C. § 3733(a)(1)(A)-(D). As discussed above, the United States is investigating whether false or otherwise unlawful claims were submitted or caused to be submitted by Sanford Burnham Prebys Medical Discovery Institute and Jamey D. Marth. Ph.D., concerning the receipt of research grant funds from the Department of Health and Human Services (HHS)/National Institutes of Health (NIH). Specifically, the investigation is focused on alleged commitment of research fraud by submitting duplicate data to the NIH, incorporating erroneous research publication data, and misuse of NIH grant proceeds.

This represents a proper exercise of authority because a government agency may "investigate merely on suspicion that the law is being violated, or even just because it wants assurance that it is not." *United States v. Morton Salt Co.*, 338 U.S. 632, 642-43 (1950);

*FDIC v. Garner*, 126 F.3d 1138, 1142 (9th Cir. 1997). Thus, it is well within the U. S. Attorney's authority under 31 U.S.C. § 3733(a)(1) to issue the CID.

**b. <u>The United States has followed all Statutory Procedural Requirements</u>**

As discussed above and in the Wong Declaration, the CID was properly issued by the Attorney General's designee. Likewise, as detailed in the Wong Declaration, the CID was properly served on Respondent.

Respondent has not petitioned to modify or set aside the CID or otherwise asserted any valid objection.

**c. <u>The Evidence Sought is Material to the Investigation</u>**

The Ninth Circuit has held that courts "must enforce administrative subpoenas unless the evidence sought by the subpoena is plainly incompetent or irrelevant to any lawful purpose of the agency." *EEOC v. Fed. Express Corp.*, 558 F.3d 842, 854 (9th Cir. 2009). Relevance is determined in terms of the investigation rather than as prospective trial evidence; courts have therefore emphasized that the relevance prong of the inquiry is "generously construed" and "not especially constraining" upon the investigating agency. *EEOC v. Shell Oil Co.*, 466 U.S. 54, 68 (1984); *Fed. Express*, at 854. *See also Martin v. Gard*, 811 F. Supp. 616, 621 (D. Kan. 1993) ("If the material requested 'touches a matter under investigation,' then relevancy is established." (quoting *Sandsend Fin. Consultants v. Fed. Home Loan Bank Bd*., 878 F.2d 875, 882 (5th Cir. 1989)).

The information, documents, and testimony sought by the CID are reasonably relevant to the United States' investigation under the FCA inquiry. The CID is not indefinite nor unduly burdensome. The CID seeks documentary material and oral testimony directly tied to the investigation of allegedly false or otherwise unlawful claims submitted concerning NIH grants to SBP and Marth.

**d. <u>Respondent Refused to Comply with the CID</u>**

Respondent refuses to produce documents in response to the CID or provide testimony at an oral examination. She has not raised any objection to the scope of the CID or its enforceability. Instead, counsel states that Respondent's settlement agreement in a

different matter prevents Respondent from complying with the CID, and that she requires a court order.

**e. A private settlement agreement between Respondent and her former employer cannot preclude enforcement of the CID.**

Since Respondent has not raised any objection to the CID, the Court must order compliance. 31 U.S. Code § 3733(h)(7)(A) ("If such person refuses to answer any question, a petition may be filed in the district court of the United States under subsection (j)(1) for an order compelling such person to answer such question.").

A confidentiality provision in a settlement agreement is not a recognized objection. *See id*. (Absent a constitutional right or privilege, the subject or an Oral Examination, "may not otherwise object to or refuse to answer any question.") That complying with the CID may cause Respondent to breach an agreement, thereby costing her money, is not a legally cognizable excuse. *See United States v. Bryan*, 730, 339 U.S. 323, 331 (1950) ("[P]ersons summoned as witnesses by competent authority have certain minimum duties and obligations which are necessary concessions to the public interest."); *Hurtado v. United States*, 410 U.S. 578, 589 (1973) ("It is beyond dispute that there is in fact a public obligation to provide evidence . . . and that this obligation persists no matter how financially burdensome it may be."). Thus, even if the settlement agreement were enforceable against Respondent, she would still have to comply.

But the agreement is not enforceable. A confidentiality agreement that purports to prevent compliance with a CID is not enforceable, and Respondent cannot rely on it to avoid compliance. *Ruhe v. Masimo Corp.*, 929 F. Supp. 2d 1033, 1038–39 (C.D. Cal. 2012). In *Ruhe* the court explained:

> Relators sought to expose a fraud against the government and limited their taking [of documents from the defendant] to documents relevant to the alleged fraud. Thus, this taking and publication was not wrongful, even in light of nondisclosure agreements, given "the strong public policy in favor of protecting whistleblowers who report fraud against the government." Obviously, the strong public policy would be thwarted if [the defendant]

> could silence whistleblowers and compel them to be complicit in potentially fraudulent conduct.

*Id.* at 1039 (citation and internal quotations omitted); *see also Siebert v. Gene Sec. Network, Inc.*, No. 11-CV-01987-JST, 2013 WL 5645309, at *8 (N.D. Cal. Oct. 16, 2013) ("The Court agrees that any alleged obligation by [the relator] not to retain or disclose the confidential documents that form the basis of this action is unenforceable as a matter of public policy because it would frustrate Congress' purpose in enacting the False Claims Act."); *United States v. Cancer Treatment Ctrs. of Am.*, 350 F. Supp. 2d 765, 773 (N.D. Ill. 2004) (holding relator exempt from liability for breach of confidentiality agreement for disclosure to government of documents showing employer engaged in fraudulent healthcare billing).

Nor can a state court protective order override enforcement of a CID. A CID is an administrative subpoena with the same force and effect as a grand jury subpoena. *Golden Valley Electric Ass'n*, 689 F.3d 1108, 1116 ("an administrator's investigative function, in searching out violations with a view to securing enforcement of the Act, is essentially the same as the grand jury's ... and is governed by the same limitations.") (internal citations and quotations omitted). In the Ninth Circuit, such subpoenas override court protective orders. *In re Grand Jury Subpoena Served on Meserve, Mumper & Hughes*, 62 F.3d 1222 (9th Cir. 1995) "([W]e adopt a *per se* rule that grand jury subpoenas take precedence over validly issued Rule 26(c) protective orders.").

//

//

//

//

//

//

//

//

**D. <u>CONCLUSION</u>**

For the above reasons, the United States respectfully requests that the Court grant its petition and order Respondent to comply with the CID on or before the deadlines proposed by the United States in its petition or on or before such other deadlines set by the Court. United States further requests that in its order the Court fine that the CID supersedes any contractual or protective order provisions that would preclude compliance with the CID.

DATED: November 12, 2026

Respectfully submitted,

ADAM GORDON
United States Attorney

s/Stephen H. Wong
STEPHEN H. WONG
Assistant United States Attorney
Attorneys for the United States of America